# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MANDY BURGHY,

    Plaintiff,  :  Case No. 3:08-cv-086

                                        District Judge Walter Herbert Rice
  -vs-                                   Magistrate Judge Michael R. Merz

                                        :

DAYTON RACQUET CLUB, INC.,

    Defendant.

## REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS;
## ORDER COMPELLING DEPOSITION

This case is before the Court on Defendant's Motion to Dismiss for Lack of Prosecution (Doc. No. 10) which Plaintiff opposes (Doc. No. 13).

From the motion papers, the following undisputed facts appear: Defendant set Plaintiff's deposition for December 17, 2008, by agreement with her counsel and at his offices, and served a formal notice of deposition so that Plaintiff could get off work. On the morning of the deposition, without any prior notice, Plaintiff told her counsel she was not going to appear and that she had to work. The deposition was not thereafter reset and counsel had little or no communication before the Motion to Dismiss was filed. Plaintiff has taken no discovery in the case and the discovery cut-off is March 10, 2009.

The authorities cited by Plaintiff are persuasive on the question of whether the case may appropriately be dismissed on these facts: it may not. Although there is no question Plaintiff's behavior was inappropriate and subject to sanctions, she had never been warned by the Court that the sanction for failure to appear might be dismissal. Therefore it is respectfully recommended that the Motion to Dismiss be denied.

However, it appears Court intervention is necessary to ensure timely completion of discovery

1

in this case. It is accordingly ORDERED that Plaintiff's deposition be taken in the jury deliberation room of Courtroom No. 4, fifth floor, 200 West Second Street, Dayton, Ohio 45402, commencing at 10:00 A.M. on Tuesday, March 10, 2009. Defendant's counsel shall arrange for the attendance of a court reporter. **Plaintiff is expressly warned that her failure to attend and participate will result in a recommendation to District Judge Rice that this case be dismissed with prejudice for failure to provide discovery.** This date may be changed only by court order and neither party shall seek such an order without prior compliance with S. D. Ohio Civ. R. 7.3.

Because Plaintiff has provided no justification for her very late notice that she would not be attending her own deposition, Defendant is entitled to recover attorney fees and expenses caused by that failure. Defendant may submit an appropriate motion for fees and expenses with verification that they were incurred.

March 5, 2009.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).